UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GONZALO ESTRADA, | ) |
|       Petitioner, | ) Case No. 2:11-cv-01528-JCM-GWF |
| vs. | ) **ORDER** |
| JANET NAPOLITANO, *et al.*, | ) |
|       Respondents. | ) |

      This closed action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, by a prisoner represented by counsel. By order filed November 4, 2013, the Court dismissed this action with prejudice. (ECF No. 5). Judgment was entered on November 5, 2013. (ECF No. 6).

      Petitioner has filed a motion for reconsideration. (ECF No. 7). Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994). Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

A "habeas petitioner may move for relief from the denial of habeas under Rule 60(b) so long as the motion is not the equivalent of a successive petition." *Harvest v. Castro*, 531 F.3d 737, 745 (9th Cir. 2008) (citing *Gonzales v. Crosby*, 545 U.S. 524, 535-36 (2005)). Mere disagreement with an order is an insufficient basis for reconsideration. Nor should reconsideration be used to make new arguments or ask the Court to rethink its analysis. *See N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999). Federal courts have determined that there are four grounds for granting a Rule 59(e) motion: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4)

1  there is an intervening change in controlling law.  *Turner v. Burlington Northern Santa Fe R. Co.*,
2  338 F.3d 1058 (9th Cir. 2003).  In the instant case, this Court properly entered judgment dismissing
3  this action in the order filed November 5, 2013.  (ECF No. 5).  Petitioner has failed to make an
4  adequate showing under either Rule 59(e) or Rule 60(b) to justify granting his motion for
5  reconsideration.
6      **IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration (ECF No. 7)
7  is **DENIED.**
8      Dated  July 30, 2014.

           _____
           UNITED STATES DISTRICT JUDGE

3